J-S37014-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :   IN THE SUPERIOR COURT OF
                                          :              PENNSYLVANIA
                                          :
               v.                        :
                                          :
                                          :
PHILLIP QUINN                       :
                                          :
             Appellant               :      No. 968 EDA 2021

Appeal from the PCRA Order Entered March 19, 2021
In the Court of Common Pleas of Delaware County
Criminal Division at No(s): CP-23-CR-0007262-1996

BEFORE: PANELLA, P.J., MURRAY, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY PANELLA, P.J.:            **FILED MARCH 11, 2022**

Phillip Quinn appeals from the order entered in the Delaware County Court of Common Pleas on March 19, 2021, dismissing his serial petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546 as untimely. Because we agree Quinn's petition was untimely filed, we affirm.

As this is Quinn's fourth attempt at post-conviction relief, we reiterate the procedural procedure from a previous panel of this Court.

> On May 3, 2001, a jury found Quinn guilty of second-degree murder, robbery, two counts of aggravated assault, possession of an instrument of crime [], conspiracy to commit robbery, and conspiracy to commit aggravated assault. On July 7, 2001, the trial court sentenced Quinn to life imprisonment as to his conviction of murder in the second degree and an additional [five and one half] to 11 years' imprisonment as to his aggravated

---

[*] Former Justice specially assigned to the Superior Court.

assault conviction. Quinn timely appealed his judgment of sentence, and on June 20, 2003, this Court affirmed. On January 28, 2004, our Supreme Court denied Quinn's petition for allowance of appeal. Quinn did not appeal our Supreme Court's decision to the United States Supreme Court, and thus, his judgment of sentence became final on April 28, 2004.

Sometime in 2004, Quinn suffered a heart attack and was temporarily hospitalized; however, he was able to file his first PCRA petition on September 3, 2004, which the PCRA court denied on August 25, 2005. On October 24, 2005, Quinn filed a second PCRA petition, which the PCRA court dismissed on September 12, 2007. On October 9, 2014, Quinn filed [his third] *pro se* PCRA petition, and on January 27, 2015, the court appointed as counsel Stephen F. Molineaux, Esquire. On June 10, 2015, counsel filed a **Turner/Finley** no-merit letter and a motion to withdraw his appearance. The court granted counsel's motion and a Pa.R.Crim.P. 907 notice of intent to dismiss without a hearing was served on Quinn. Quinn filed a written objection on July 31, 2016, and the PCRA court dismissed his petition on November 1, 2016.

**Commonwealth v. Quinn**, 3823 EDA 2016 (Pa. Super. filed February 6, 2018) (unpublished memorandum). Quinn filed an appeal, arguing he met the government interference and newly discovered fact exceptions to the PCRA time-bar. However, his whole argument in this regard boiled down to a claim that a "Heart Attack in 2004-2014" inhibited him from raising claims that government officials interfered with his collateral relief litigation. **See id.** at *5, fn.8.  Quinn failed to advance any newly discovered facts, nor did he plead and prove any errors of a state or federal nature or explain why he was unable to raise a PCRA claim. The PCRA Court dismissed the petition as untimely. We affirmed the dismissal. **See id.** at *7.

On February 10, 2021, Quinn filed the instant *pro se* PCRA petition, his fourth, which the PCRA court again dismissed as untimely. This timely appeal followed.

Prior to reaching the merits of Quinn's claims on appeal, we must first consider the timeliness of his PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988, 992 (Pa. Super. 2014).

> A PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence becomes final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S.[A.] § 9545(b)(1). A judgment becomes final at the conclusion of direct review by this Court or the United States Supreme Court, or at the expiration of the time for seeking such review. The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

**Commonwealth v. Jones**, 54 A.3d 14, 16-17 (Pa. 2012) (internal citations and footnote omitted).

Quinn's judgment of sentence became final on April 28, 2004, ninety days after his petition for allowance of appeal was denied by the Pennsylvania Supreme Court, when time for filing a petition for writ of certiorari to the United States Supreme Court expired. The instant petition – filed more than 16 years later – is patently untimely. Therefore, the PCRA court lacked jurisdiction to review Quinn's petition unless he was able to successfully plead

and prove one of the statutory exceptions to the PCRA's time-bar. ***See*** 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii).

> The PCRA provides three exceptions to its time bar:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Exceptions to the time-bar must be pled in the petition, and may not be raised for the first time on appeal. ***See Commonwealth v. Burton***, 936 A.2d 521, 525 (Pa. Super. 2007); ***see also*** Pa.R.A.P. 302(a) (providing that issues not raised before the lower court are waived and cannot be raised for the first time on appeal). Further,

> although this Court is willing to construe liberally materials filed by a *pro se* litigant, *pro se* status generally confers no special benefit upon an appellant. Accordingly, a *pro se* litigant must comply with the procedural rules set forth in the Pennsylvania Rules of the Court. This Court may quash or dismiss an appeal if an appellant fails to conform with the requirements set forth in the Pennsylvania Rules of Appellate Procedure.

***Commonwealth v. Lyons***, 833 A.2d 245, 251–52 (Pa. Super. 2003) (citations omitted).

- 4 -

Even liberally construed, Quinn has failed to plead and prove that any of his claims constitute a valid exception to the PCRA time-bar. Quinn attempts to invoke the governmental interference exception, Section 9545(b)(1)(i), based on his assertion that the PCRA court interfered with the presentation of his current claims. *See* Motion for Post Conviction Collateral Relief, 2/10/2021, at 3. As far as we can decipher Quinn's argument, he appears to claim the PCRA court's actions pursuant to the disposition of his first and second PCRA petitions interfered with the presentation of his claims over a decade later.

We reject Quinn's argument that the governmental interference exception applies because the PCRA court's rejection of his first PCRA petition somehow amounted to interference by government officials with the presentation of his current claims. We do not agree that the 42 Pa.C.S.A. § 9545(b)(1)(i) exception regarding governmental interference with the presentation of claims applies here.

Quinn had the opportunity to challenge the actions of the PCRA court on appeal from the denial of his first PCRA petition, and did so in numerous claims over the years, which this Court has addressed. *See Commonwealth v. Quinn*, 2534 EDA 2007 (Pa. Super. filed January 6, 2009) (unpublished memorandum); *see also Commonwealth v. Quinn*, 3823 EDA 2016 (Pa. Super. filed February 6, 2018) (unpublished memorandum). In proceeding *pro se,* Quinn was never denied the opportunity to challenge the PCRA court's denial of his claims raised in his first PCRA petition, nor the opportunity to

raise all claims related to ineffective assistance of counsel that concern facts he has known about since trial. We cannot say that Quinn's failure to properly raise, in his prior *pro se* petitions and appeals, all issues concerning ineffective assistance of counsel and all issues concerning the PCRA court's handling of his first PCRA petition resulted from governmental interference as contemplated by 42 Pa.C.S.A. § 9545(b)(1)(i).

Quinn fails to explain how alleged governmental interference occurring in 2004-2007 prevented him from filing his current petition until 2021, especially considering the fact that he was able to file multiple intervening PCRA petitions in 2005 and 2014. As the Commonwealth aptly notes, Quinn has failed to explain how he raised these claims within 60 days of discovering them, as required by 42 Pa.C.S.A. § 9545(b)(2).[1] Quinn simply has not pled or proven that the previous PCRA court proceedings were in any way improper. While Quinn may disagree with the outcome, this simply does not constitute governmental interference under the PCRA.

Further, Quinn's substantive claims of his various counsels' ineffectiveness cannot support an exception to the time-bar. ***See***

---

[1] Section 9545(b)(2) was amended in 2018 to expand the discovery period from 60 days to one year. The amendment applied to any claims arising on or after December 24, 2017. Quinn's claims of governmental interference reference actions taken by the PCRA court no later than 2007, so the previous version of the statute applies to his claims. Even if we were to apply the amended statute, Quinn has completely failed to plead that he filed the instant petition within one year of his discovery of the facts underlying it.

*Commonwealth v. Mitchell*, 141 A.3d 1277, 1284-85 (Pa. 2016). Even if it could, it is clear from the record that Quinn believed his counsel was ineffective as early as trial. Notwithstanding the fact that he knew about these ineffectiveness claims long before the PCRA time-bar, Quinn failed to raise the issue during trial, or during any of his previous PCRA petitions.

Accordingly, we affirm the PCRA court's order denying Quinn's petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/11/2022